UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CV-62191-ROSENBERG/BRANNON

CHANEL, INC.,

    Plaintiff,

vs.

BESTBUYHANDBAG.COM, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion for Alternate Service"), ECF No. [30], dated December 19, 2014. In its Complaint, Plaintiff, Chanel, Inc. ("Plaintiff") sets forth claims against Defendants[1] for (1) trademark counterfeiting and infringement, (2) false designation of origin, and (3) common law unfair competition. *See* ECF No. [1]. More specifically, Plaintiff alleges that Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing counterfeit and infringing trademarks that are substantially indistinguishable from Plaintiff's registered trademarks. *Id*. Plaintiff contends that Defendants are accomplishing these sales through various fully interactive commercial Internet websites and Internet based ecommerce stores and auctions via Internet auction websites, operating under their individual, partnership or unincorporated association names. *See* Schedule A.

---

[1] Defendants are the Individuals, Partnerships or Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants").

Plaintiff was able to obtain WHOIS domain registration data for the fully interactive commercial Internet websites operating under Defendant Numbers 1-10's partnership and/or unincorporated association names (the "Subject Domain Names")[2] identifying the contact information those Defendants provided their registrars. *See* Gaffigan Decl. ¶ 4. Plaintiff's counsel was also able to obtain the publically available contact information identified on the actual Internet website operating under Defendant 9's Subject Domain Name, and provided on the return shipping label of the package containing a Chanel-branded product purchased and received by the investigator via the Internet based ecommerce store operating under Defendant 44's Seller ID. *Id.* at ¶ 5; *see also* Ting Decl. ¶¶ 5-6. The relevant WHOIS domain registration records identify the Registrant and contact information for the respective Subject Domain Names for Defendants 1-10. Plaintiff's investigators attempted to verify the accuracy of the physical addresses provided by Defendants 1-10 in connection with the WHOIS registration data for the Subject Domain Names, the publically available address identified on the actual Internet website operating under Defendant 9's Subject Domain Name, and the return shipping label address provided on the package the investigator received from Defendant 44's Seller ID. *See* ECF No. [30] at 5-6. Plaintiff also researched alternative addresses for Defendants. *Id.* at 7. Based upon Plaintiff's investigation, two researches hired by Plaintiff determined that the contact information and physical addresses for Defendants 1-10, 9, and 44 were false, incomplete, or invalid for service of process on Defendants. *Id.* at 5-7; *see also* Ting Decl. ¶¶ 4-6; Roaslar Decl. ¶ 4.

Defendants 11-61 operate completely anonymously on the Internet, as they have not provided any physical address information for their respective Internet based ecommerce stores and auctions operating under their Seller IDs. *See* ECF No. [30] at 3-4, n.1; *see also* Gaffigan Decl. ¶ 4,

---

[2] As the Plaintiff notes, the ecommerce stores and auctions operating under Defendants 11-61's seller identification names (the "Seller IDs"), are registered to third-party marketplace website, and as such, there are no WHOIS records associated with the Seller IDs (Defendants 11-61). *See* ECF No. [30] at 4, n.1; *see also* Gaffigan Decl. ¶ 4, n.2.

n.2. Because Defendants 11-61 have concealed any publically available physical address information, Plaintiff's investigators were unable to verify any physical addresses in regard to those Defendants. *Id.* at 7, n.4; *see also* Gaffigan Decl. ¶ 4, n.2. Plaintiff suggests that Defendants intentionally falsified or concealed their physical address data and states that, after conducting a diligent investigation, it is unable to identify any valid physical address for service of process on Defendants. *Id*. at 7. According to Plaintiff, however, it has good cause to believe that Defendants are residents of the People's Republic of China or other foreign countries. *Id*. at 16.

Plaintiff further contends that Defendants have structured their website and ecommerce store businesses so that the sole means for customers to purchase Defendants' alleged counterfeit goods is by placing an order over the Internet. *Id*. at 9. Defendants take and confirm orders through their websites and ecommerce stores, Plaintiff alleges, and they answer inquiries via e-mail or via online chat functions on their Internet websites and ecommerce stores. *Id*. Thus, Plaintiff verified that Defendants' e-mail addresses are operational and are a reliable means of communicating with Defendants. *Id*. at 9-10. These e-mail addresses are likewise the most reliable means of providing Defendants with notice of this action, Plaintiff asserts.

Rule 4(f)(3) of the Federal Rules of Civil Procedure allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc*., No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

3

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the District Court.

Service by e-mail is not prohibited under international agreement in this case. Although both the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), the Hague Convention is not applicable here because it "shall not apply where the address of the person to be served with the documents is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969); *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown.").

E-mail service is also reasonably calculated to give notice to Defendants. Plaintiff cites a catalogue of cases where courts have granted leave for a plaintiff to serve by e-mail where, as here,

> Plaintiff showed that defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email. Furthermore, defendants do not disclose their physical addresses or location of incorporation [and t]hrough its investigations, plaintiff has shown that email . . . [is] likely to reach defendants.

*Philip Morris USA, Inc. v. Veles Ltd*., No. 06-2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007); *see also* ECF No. [30] at 14-15 (collecting cases).

Rule 4(f)(3), Fed. R. Civ. P., was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Phillip Morris USA, Inc.*, 2007 WL 725412, at *2.

The Court finds that Plaintiff has shown good cause why leave should be granted to allow service of the Summonses, Complaint, and all current and subsequent filings in this matter upon Defendants via e-mail. Therefore, upon consideration of the pleadings, declarations, and exhibits on file in this matter, as well as the evidence submitted along with Plaintiff's Motion for Order Authorizing Alternate Service of Process, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [30] is **GRANTED.**

2. Plaintiff shall serve the Summonses, Complaint, and all filings in this matter upon Defendants via the e-mail addresses provided by each Defendant as part of the domain registration data for each of their respective domain names, or via e-mail to the registrar of record for each of their respective domain names and ecommerce stores, or on the websites and ecommerce stores, including customer service e-mail addresses and onsite contact forms. *See* attached Schedule "A" which lists Defendants' Subject Domain Names and Seller IDs.

3. Plaintiff shall continue to maintain the website it has established at http://servingnotice.com/omg18/index.html in order to effectuate service of process on Defendants via publication.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of December, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies provided to
All Counsel of Record

5

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES AND SELLER IDS

| Defendant Number | Defendant / Domain Name / Seller ID |
|---|---|
| 1 | bestbuyhandbag.com |
| 2 | coffeealaska.com |
| 2 | bowdenfencing.com |
| 3 | fast2014.org |
| 4 | ireplicasall.net |
| 4 | watchjuste.com |
| 4 | watchujust.co |
| 5 | newbags2014.com |
| 5 | selectbag.net |
| 6 | onlinebrandsshop.com |
| 7 | paulseller.com |
| 8 | sohotcase.com |
| 9 | tbaft.com |
| 10 | topshoesstoreusa.com |
| 11 | 666111xqj |
| 12 | abdmarshop |
| 13 | aixinwuyu |
| 13 | shizhenxiong68 |
| 14 | ajiedali2158 |
| 15 | apinan |
| 16 | baobaokaixin999 |
| 17 | beautifulfashion2010 |
| 18 | buyorbuyer |
| 19 | c2c2020 |
| 20 | caishendaowojia518 |
| 21 | caylajewel |
| 22 | changxin888888 |
| 23 | charmstar888 |
| 24 | dajiang8588 |
| 25 | eachw |
| 26 | everything589 |
| 27 | fashionjuan |
| 28 | gladysfashion |
| 29 | glasses21000 |
| 30 | greatwallmart |
| 31 | haoluck77 |

| 32 | happya189 |
| --- | --- |
| 33 | happybuy125 |
| 34 | happyec2013 |
| 35 | hellensk |
| 36 | hongyunguangjin118 |
| 37 | jiahaibo123 |
| 38 | jibukeshistore |
| 39 | jinshan998 |
| 40 | kingseller8486 |
| 41 | ladyshop6168 |
| 42 | love0126 |
| 43 | lovenow5184 |
| 44 | michaelwang |
| 45 | ourstationery |
| 46 | shengmumaliya22222 |
| 47 | smoothsailing666 |
| 48 | smsd14717 |
| 49 | super85117 |
| 50 | tomstore888 |
| 51 | visionary51198 |
| 52 | webest |
| 53 | wiwojia891qw |
| 54 | wodson37372 |
| 55 | woniu1604 |
| 56 | yangcheng5201314 |
| 57 | yintng8596shoes |
| 58 | youxinyi168 |
| 59 | zhou201288 |
| 60 | zxcvbn869 |
| 61 | fashionworld36 |